IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                    PLAINTIFF

V.                                    CIVIL NO. 4:12-cv-04139

STEPHEN WARD                                                                   DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Don Lewis, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant's Motion to Dismiss.  ECF No. 12.  Plaintiff did not respond.   After careful consideration the Court makes the following Report and Recommendation.

I.      BACKGROUND

Plaintiff filed his Complaint on December 4, 2012.  ECF No. 1.  Plaintiff names Detective Stephen Ward from the Miller County Sheriff's Office Criminal Investigation Division as the sole Defendant in this matter.  ECF No. 1. p. 3.  Plaintiff alleges Defendant attempted to undermine his due process of law by falsifying DNA evidence in Plaintiff's criminal case.  Specifically, Plaintiff alleges: (1) "around the last of June 2012" Defendant obtained Plaintiff's DNA sample by ordering the Miller County Detention Center administrator and staff to force Plaintiff to submit

1

to an "oral swab" on the grounds there was a court order to obtain Plaintiff's DNA (ECF No. 1, p. 5); (2) there was no court order to obtain Plaintiff's DNA (ECF No. 1, p. 6); and (3) Defendant falsified a court order to take Plaintiff's DNA (ECF No. 1, p. 6).  Plaintiff also alleges Defendant covered up and withheld documentary evidence in Plaintiff's criminal case—specifically reports and medical exams from Wadley Regional Medical Center and St. Michael's Hospital (ECF No. 1, pp. 6-8).  According to Plaintiff, these actions by Defendant will taint his criminal case.

Defendant filed his Motion to Dismiss on May 28, 2013.  ECF No. 13.  In this Motion, Defendant argues Plaintiff has failed to state a claim for a Fourth Amendment violation regarding the taking of his DNA because Defendant acted reasonably under the Fourth Amendment standard and pursuant to the Arkansas statute providing for the collection of DNA without a court order in situations such as the one presented here.  Defendant did not address Plaintiff's claims regarding other evidence in his criminal proceedings.

## II.    APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  The Court will liberally construe a *pro se* plaintiff's complaint, however, the plaintiff must

2

allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.   DISCUSSION

First, Plaintiff's claims against Defendant regarding the allegations that Defendant withheld and covered up evidence during the investigation of Plaintiff's criminal case fail as a matter of law. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.  Here, Plaintiff claims Defendant covered up and withheld evidence and such actions, will taint Plaintiff's criminal case.  Since filing his Complaint, Plaintiff has been determined guilty and sentenced to the Arkansas Department of Corrections for the criminal charges referred to in his Complaint.  Plaintiff did not assert that his conviction has been set aside or otherwise held invalid, and therefore, Plaintiff has not stated a cognizable claim under section 1983.  *See Lee v. Diddy*, 1995 WL 276880, at *1, 56 F.3d 68 (8th Cir. May 12, 1995) ("a judgment in [the plaintiff's] favor in his section 1983 action for damages-concluding that defendants fabricated and falsified evidence against him-would necessarily imply the invalidity of his conviction or sentence; therefore, [the plaintiff's] section 1983 claim is not cognizable . . . .") (internal quotations omitted).

Furthermore, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his

confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).  If Plaintiff seeks relief from his conviction *habeas corpus* is the appropriate avenue to seek relief of this nature.

Accordingly, Plaintiff's claims against Defendant relating to covering up and withholding evidence, specifically the medical reports from Wadley Regional Hospital and St. Michael's Hospital, fail as a matter of law, and Defendant's Motion to Dismiss should be granted with regard to these claims.

Plaintiff's claim regarding the taking of his DNA, however, is construed as a Fourth Amendment claim against an unlawful search.  *Maryland v. King*, __ U.S. __, 133 S.Ct. 1958 (2013) ("It can be agreed that using a buccal swab on the inner tissues of a person's cheek in order to obtain DNA samples is a search.").  While typically a challenge to one's criminal conviction is not a cognizable claim pursuant to section 1983 unless the criminal conviction has been overturned, a damage suit for an unreasonable search may proceed even if the challenged search produced evidence that was used against the plaintiff in his still-outstanding criminal convictions.  *Heck v. Humphrey*, 512 U.S. 477, 480 n.7 (1994).

Plaintiff alleges his DNA was taken without a court order and therefore, this action violated his due process rights.

Defendant argues Plaintiff's Fourth Amendment claim regarding his DNA should be dismissed because Defendant actions were reasonable under the Fourth Amendment and in compliance with an Arkansas statute allowing the collection of Plaintiff's DNA without a court

order.  This statute reads in relevant part:

> Immediately following an arrest for an offense . . . a law enforcement official at the receiving criminal detention facility shall take or cause to be taken a DNA sample of a person arrested for . . . (D) Rape, (E) Sexual assault in the first degree, or (F) Sexual assault in the second degree.

Ark. Code. Ann. 12-12-1006 (2013).  Defendants state Plaintiff was arrested on a charge of Rape on April 24, 2012, and Plaintiff was ultimately found guilty of Sexual Assault in the Second Degree. Defendants then argue section 12-12-1006 provides for the taking of Plaintiff's DNA without a court order, and Plaintiff did not make a facial challenge to the constitutionality of section 12-12-1006.  Therefore, Plaintiff's DNA was taken in compliance with section 12-12-1006 and did not violate his constitutional rights.

Further, Defendant argues that taking Plaintiff's DNA pursuant to section 12-12-1006 was reasonable under the Fourth Amendment as the legitimate governmental interests served by section 12-12-1006 far outweigh any intrusion into Plaintiff's privacy.   Therefore, according to Defendant, Plaintiff's Fourth Amendment claim fails as a matter of law.

First the Court notes Plaintiff alleges his DNA was not taken until "around the last of June 2012" (ECF No. 1, p. 6) while Defendants state Plaintiff was arrested on April 24, 2012 (ECF No. 13, p. 4).  This presents an issue of whether Defendant was actually in compliance with section 12-12-1006 when he ordered Plaintiff's DNA taken as section 12-12-1006 authorizes such a taking "Immediately following an arrest . . . ."  Ark. Code Ann. § 12-12-1006.

Further, the United States Supreme Court recently issued an opinion, *Maryland v. King*, __ U.S. __, 133 S.Ct. 1958 (2013), addressing the issue of whether taking and analyzing a cheek swab of an arrestee's DNA, after an arrest for a serious offense supported by probable cause, is a reasonable search under the Fourth Amendment.  The Court finds this precedent likely applies to

5

the issues presented in the instant case and before the Court on Defendant's Motions to Dismiss. Therefore, the Court would benefit from the inclusion of an analysis on the Supreme Court's decision in *Maryland v. King* in analyzing Plaintiff's Fourth Amendment claims relating to the taking of his DNA.  Without the benefit of briefing on *Maryland v. King* the Court is reluctant to recommend whether Plaintiff has failed to state a claim upon which relief may be granted regarding his DNA claims.

For these reasons, the Court recommends Defendant's Motion to Dismiss be denied at this time with regards to Plaintiff's Fourth Amendment claim relating to the taking of his DNA.

## IV.    CONCLUSION

Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED** in part and **DENIED** in part.  Specifically, Plaintiff's claims relating to Defendant withholding and covering up evidence in the investigation of Plaintiff's criminal case should be dismissed with prejudice; and Plaintiff's claims relating to the taking of his DNA should remain.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of December 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE